UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN SECTION

| | |
|---|---|
| SPECTRA MEDICAL DEVICES, INC. ) <br> A Massachusetts corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MID STATES MEDICAL INSTRUMENTS, ) <br> An Illinois corporation, and KK METALLIC ) <br> INDUSTRIES, INC., a Pakistani corporation, ) <br> ) <br> Defendants. ) | Civil Action No. 04-CV-10745-GAO <br><br><br><br><br> MOTION FOR ENLARGEMENT <br> OF TIME TO FILE RESPONSIVE <br> PLEADING |

Defendants, Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. ("Mid States and KK Metallic"), hereby move pursuant to Fed.R.Civ.P 6(b) to enlarge the time to file a responsive pleading. This Motion also responds to the Request For Default filed by Spectra Medical Devices, Inc. ("Spectra") on or around August 13, 2004, *which Spectra failed to serve on counsel of record*. A copy of Mid States' and KK Metallic's proposed responsive pleading, entitled Defendants' Motion to Dismiss and Statement of Reasons, is attached hereto as Exhibit A. Grounds for this motion are set forth below and further supported by the Affidavit of Scott Berends, lead counsel for Mid States and KK Metallic in both the present action and a pending and related Illinois action, which is attached as Exhibit B:

<u>Statement of Reasons</u>

On or around December 22, 2003, Mid States and KK Metallic commenced an action against Spectra by filing a complaint in the United States District Court for the District of Illinois (hereinafter the "Illinois Action"), which action currently is pending as <u>Mid States Medical</u>

Instruments, Inc. and KK Metallic Industries, Inc. v. Spectra Medical Devices, Inc., No. 03 C 9235 (Elaine Bucklo, J.). A certified copy of the Illinois Complaint is attached to the Motion to Dismiss attached hereto as Exhibit A. Mid States and KK Metallic seek recovery against Spectra in the Illinois Action based on Spectra's breach of a three-party Agreement between Mid States, KK Metallic and Spectra ("the Agreement"). See attachment to Exhibit A. On or around March 19, 2004, almost three months after the filing of the Illinois Complaint, Spectra commenced an action in Massachusetts by filing a Complaint in the Massachusetts Superior Court for Middlesex County, which action was subsequently removed to this Court and is now pending as the captioned matter (hereinafter the "Massachusetts Action"). As set forth more fully in the attached Motion to Dismiss, the Spectra's claims in the Massachusetts Action arise out of and relate directly to the Agreement and claims asserted in the Illinois Action. Accordingly, as is also detailed in the attached Motion to Dismiss, Spectra's claim in the Massachusetts Action is a compulsory counterclaim in the Illinois Action pursuant to Fed.R.Civ.P. 13(a) and, therefore, is subject to a motion to dismiss in the Massachusetts Action. See Exhibit A.

While the present action was pending, Spectra filed a motion in the Illinois Action to transfer that action to Massachusetts on grounds that Massachusetts has exclusive jurisdiction over the claims therein. See Exhibit B, ¶ 5. Mid States and KK Metallic adamantly opposed that motion arguing that Illinois had jurisdiction and was otherwise an appropriate forum to litigate the parties' claims. Exhibit B, ¶ 6. The Illinois Court has taken the motion under advisement and has not issued a ruling to date. Exhibit B, ¶ 6.

Lead counsel for Mid States and KK Metallic understood that the parties would await a ruling in that case prior to taking action in the Massachusetts Action. Exhibit B, ¶ 7. Specifically, if Spectra's motion to transfer is denied in the Illinois Action and the Illinois Court

has jurisdiction to hear the parties claims, dismissal of the Massachusetts Action would be appropriate because Spectra's claims are compulsory counterclaims in the Illinois Action.  <u>See</u> Exhibit A, p. 4.  If the motion is allowed, the two cases would be consolidated in the Massachusetts Action and Mid States and KK Metallic's claims would be asserted as counterclaims in the present action.  Exhibit B, ¶ 8.

Additionally, shortly after Spectra filed the Massachusetts Action, the parties began settlement negotiations and continued such negotiations into July 2004.  Exhibit B, ¶ 9.  Lead counsel for Mid States and KK Metallic understood that no action would be necessary in the Massachusetts Action pending the parties negotiations, which counsel believed would result in an amicable resolution of both cases.  Exhibit B, ¶ 9.  Spectra recently informed lead counsel for Mid States and KK Metallic that settlement was unlikely and at approximately the same time requested a default in the present action.  Exhibit B, ¶¶ 9-10.

For the foregoing reasons, Mid States and KK Metallic request that the time to file a responsive pleading be enlarged and that the Court accept for filing the Motion to Dismiss attached as Exhibit A.  In the alternative Mid States and KK Metallic request that the Court enlarge the time to file a responsive pleading to a date following the Court's ruling on the motion to transfer in the Illinois Action to Massachusetts.

Wherefore, Defendants Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. respectfully request this Court grant their motion to enlarge the time to file a responsive

3

pleading and for such further relief as the Court deems just and appropriate.

                                    MID STATES MEDICAL INSTRUMENTS
                                    and KK METALLIC INDUSTRIES, INC.
                                    By Their Attorneys

Dated:  August 25, 2004                /s/ Jeffrey E. Poindexter
                                    Jeffrey E. Poindexter, BBO #631922
                                    Bulkley, Richardson and Gelinas, LLP
**CERTIFICATE OF SERVICE**      1500 Main Street, Suite 2700
                                    Springfield, Massachusetts 01115
    I, Jeffrey E. Poindexter, attorney for defendants, Mid States Medical Instruments and KK Metallic Industries, Inc., in this above matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on August 25, 2004

Tel. 413-781-2820;  Fax. 413-785-5060

Of Counsel:
Thomas Patterson (ARDC # 3128587)
Scott Berends (ARDC # 6281019)
The Patterson Law Firm
33 North LaSalle Street, Suite 3350
Chicago, Illinois 60602
Tel. 312-223-1699; Fax. 312-223-8549

/s/  Jeffrey E. Poindexter
       Jeffrey E. Poindexter

4