# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN SECTION

| | | |
|---|---|---|
| SPECTRA MEDICAL DEVICES, INC. A Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>MID STATES MEDICAL INSTRUMENTS, An Illinois corporation, and KK METALLIC INDUSTRIES, INC., a Pakistani corporation,<br><br>Defendants. | ) | Civil Action No. 04-CV-10745-GAO<br><br>DEFENDANTS' MOTION TO DISMISS AND STATEMENT OF REASONS |

**MOTION**

The defendants, Mid States Medical Instruments, Inc. ("Mid States") and KK Metallic Industries, Inc. ("KK Metallic") hereby move to dismiss each of the claims asserted by the plaintiff, Spectra Medical Devices, Inc. ("Spectra"). Grounds for this motion are that Spectra's claims are compulsory counterclaims to a suit commenced by Mid States and KK Metallic in the United States District Court for the District of Illinois prior to the filing of the current action and Spectra is thereby precluded from asserting such claims in the present action. More specific grounds and support for this motion are set forth in the Statement of Reasons below.

**STATEMENT OF REASONS**

A. **Background**

On or around December 22, 2003, Mid States and KK Metallic commenced an action against Spectra by filing a complaint in the United States District Court for the District of Illinois (hereinafter the "Illinois Complaint" or "Illinois Action"), which action currently is pending as

Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. v. Spectra Medical Devices, Inc., No. 03 C 9235 (Elain Bucklo, J.). A certified copy of the Illinois Complaint is attached hereto as Exhibit 1. Mid States and KK Metallic seek recovery against Spectra in the Illinois Action based on Spectra's breach of a three-party Agreement between Mid States, KK Metallic and Spectra ("the Agreement") under which Spectra was required, among other things, to purchase various medical instruments manufactured by KK Metallic and sold by Mid States. A copy of the Agreement is attached to the Illinois Complaint as Exhibit A thereto. Specifically, Mid States and KK Metallic alleged in that action that Spectra breached the Agreement by, among other things, failing to purchase the medical instruments pursuant to the terms of the Agreement.

On or around March 19, 2004, almost three months after the filing of the Illinois Complaint, Spectra commenced an action in Massachusetts by filing a Complaint in the Massachusetts Superior Court for Middlesex County, which action was subsequently removed to this Court and is now pending as the captioned matter (hereinafter the "Massachusetts Complaint" or "Massachusetts Action"). The Massachusetts Complaint asserts claims for breach of contract (Count II), breach of the duty of good faith and fair dealing (Count III), fraud (Count IV) and defamation (Count V).[1] Each of the claims in the Massachusetts Complaint either challenge the validity of or arise out of alleged breaches by Mid States and KK Metallic of the same Agreement that is the subject of the Illinois Action. Additionally, among the relief requested by Spectra, are a temporary restraining order precluding the plaintiff from further pursuing or enforcing its rights under the Agreement and a Permanent Injunction declaring the

[1] Count I in the Massachusetts Complaint sets forth the facts upon which the referenced claims are made and Count VI sets forth Spectra's demand for relief. Neither appear to assert any additional or separate claims or causes of action.

Agreement null and void. Like the Illinois Complaint, a copy of the Agreement also is attached to and incorporated into the Massachusetts Complaint (See Exhibit C thereto).

**B. Argument**

Federal Rule of Civil Procedure 13(a) provides that pleadings containing claims which "[arise] out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." must be stated as counterclaims. "Where a [party's] counterclaim is so interwoven with the [opposing party's] complaint that it affects the ultimate determination of the complaint, the counterclaim is compulsory and must be raised as a counterclaim or not at all." *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257 (7th Cir. 1977); *United States v. Jenkins*, No. 81 C 1195, 1984 U.S. Dist. LEXIS 19304, at * 3-4 (N.D. Ill. Feb. 21, 1984). *See also Eon Labs, Inc. v. SmithKline Beecham Corp.*, 298 F. Supp. 2d 175, 179 (D. Mass. 2003) (if a counterclaim is compulsory but is not brought it is thereafter barred). The purpose of this rule is to prevent multiple lawsuits by resolving all disputes rising out of common matters in a single suit. *Southern Const. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962).

The logical relationship test is by far the most widely accepted test for determining whether a claim is a compulsory counterclaim. *See Eon Labs, Inc.*, 298 F. Supp. 2d at 179. A counterclaim has a logical relationship to the original claim if "it arises out of the same aggregate of operative facts as the original claim in the sense that the same aggregate of operative facts serves as the basis of both claims." *McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 248 (1st Cir. 1982).

The claims set forth by Spectra in the Massachusetts Action constitute compulsory counterclaims because they share a "logical relationship" with the claims made by Mid States and KK Metallic in the Illinois Action, which is presently pending and ongoing. Specifically, the

Massachusetts Complaint challenges the validity of and is based on alleged breaches by Mid States and KK Metallic of the Agreement that is currently the subject matter of the Illinois Action. Indeed, the very contractual obligations that are at issue in the Illinois Action are challenged in the Massachusetts Action.

Because the claims set forth by Spectra in the Massachusetts Action are compulsory counterclaims in the Illinois Action, such claims violate Federal Rule of Civil Procedure 13(a) and must be dismissed. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *McCaffrey*, 672 F.2d at 248.

Wherefore, Defendants Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. respectfully request this Court dismiss each of the claims set forth in the Massachusetts Complaint.

The Defendants
MID STATES MEDICAL INSTRUMENTS
and KK METALLIC INDUSTRIES, INC.
By Their Attorneys

Dated: August 25, 2004

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, BBO #631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115
Tel. 413-781-2820; Fax. 413-785-5060

Of Counsel:
Thomas Patterson (ARDC # 3128587)
Scott Berends (ARDC # 6281019)
The Patterson Law Firm
33 North LaSalle Street, Suite 3350
Chicago, Illinois 60602
Tel. 312-223-1699; Fax. 312-223-8549

**CERTIFICATE OF SERVICE**

I, Jeffrey E. Poindexter, attorney for defendants, Mid States Medical Instruments and KK Metallic Industries, Inc., in this above matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on August 25, 2004

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter

# EXHIBIT 1

CERTIFIED COPY (Rev. 7/98)

# United States District Court

## Northern District of Illinois

## Eastern Division

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District of Illinois, do hereby attest and certify that the annexed document(s) is(are) a full, true, and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF: I have hereunto subscribed my name and affixed the seal of the foresaid court at Chicago, Illinois, on AUG 23 2004

MICHAEL W. DOBBINS, CLERK

By: Mary A. Singleton

Deputy Clerk

DOCKETED
DEC 23 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MID STATES MEDICAL INSTRUMENTS, INC. an Illinois Corporation, and KK METALLIC INDUSTRIES, INC., a Pakistan Corporation, | ) | 03C 9235 |
| Plaintiff, | ) | JUDGE BUCKLO |
| v. | ) | No. |
| SPECTRA MEDICAL DEVICES, INC. A Massachusetts Corporation, | ) | MAGISTRATE JUDGE LEVIN |
| Defendant. | ) | **JURY DEMAND** |

FILED-ED5
03 DEC 22 PM 3:28
CLERK
U.S. DISTRICT COURT

**COMPLAINT**

Plaintiff, Mid States Medical Instruments, Inc., by and through its attorneys, The Patterson Law Firm, for its Complaint against Spectra Medical Devices, Inc., states as follows:

**Count I – Breach of Contract**

The Parties

1. Plaintiff, Mid States Medical Instruments, Inc. ("Mid States") is an Illinois Corporation with its principal place of business in Illinois.

2. Mid States is engaged in the selling of high quality, stainless steel medical instruments to medical facilities throughout America.

3. KK Metallic Industries, Inc. ("KK") is a Pakistan corporation with its principal place of business in Sialkot, Pakistan. KK is engaged in the creation of high quality, stainless steel medical instruments.



4. Defendant, Spectra Medical Devices, Inc. ("Spectra"), on information and belief, is a Massachusetts corporation engaged in the sale of stainless steel medical instruments to medical facilities throughout America, with its principal place of business in Woburn, Massachusetts.

Jurisdiction and Venue

5. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of costs.

6. Personal jurisdiction is proper over Spectra because the contract whose breach Plaintiff complains of was executed in Illinois and because Spectra routinely did business with Mid States, in Illinois, prior to its breach.

7. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

Facts

8. On or about October 1, 1999 Plaintiff and Defendant entered into a three-way contract whereby Spectra would exclusively purchase certain instruments from Mid States, which would be created in Pakistan by KK, and KK and Mid States would refrain from soliciting or selling to Spectra's known competitors. A copy of the Contract is attached as Exhibit A and incorporated by reference herein.

9. Prior to entering into this contract, Mr. Lee Clermont, an agent and representative of Spectra, visited KK's production plant in Pakistan and, upon returning to Spectra's offices, recommended entering the contract with Mid States and KK.

10. Pursuant to Section 2(c), Spectra agreed to purchase a minimum of 80,000 units of various medical instruments from Plaintiff.

11. Pursuant to Section 2(b), Spectra agreed to purchase certain instruments exclusively from Plaintiff.

12. Pursuant to Section 2(c), Spectra agreed to purchase an average of 100,000 units of various medical instruments per month over a ten-year period from Mid States. This provision required Spectra to purchase a total of 12,000,000 units over a ten year period.

13. From October 1999 to August 2003, Spectra consistently purchased less than 80,000 units per month from Mid States. Spectra did not remedy this defect despite notice from Mid States that it was violating the terms of the contract.

14. In August 2003, Spectra ceased purchasing any units from Mid States.

15. Mid States has satisfied each of its obligations under the contract. Thousands of units have been produced for Spectra, which Spectra has refused to order, pay for or accept. These units are forcing KK and Mid States to incur storage charges.

16. On information and belief, Spectra has been purchasing goods covered by the exclusive dealing agreement from Mid States' competitors.

Wherefore, Plaintiff, Mid States Medical Instruments, Inc. respectfully requests this Court enter judgment against Defendant, Spectra Medical Devices, Inc. in an amount to be determined at trial.

Respectfully submitted,

Mid States Medical Instruments, Inc.

By: [signature]
One of its Attorneys

The Patterson Law Firm
33 North LaSalle Street
Suite 3350
Chicago, Illinois 60602
Tel. 312-223-1699
Fax. 312-223-8549
ARDC # 3128587

# *AGREEMENT*

This agreement is hereby made this 1st day of October 1999, by and between the following parties: *Spectra Medical Devices, Inc.* a Massachusetts Corporation, located at 4F Henshaw street, Woburn, Massachusetts 01801 (hereinafter referred to as " Spectra "), *Mid States Medical Instruments, Inc.,* previously known as , *Ayza, Inc.,* an Illinois Corporation, located at 5050 Newport Drive, Unit 8, Rolling Meadows, Illinois 60008 ( hereinafter referred to as "Mid States ") and *K.K. Metallic Industries,* located at P.O.Box 2033, Sialkot, Pakistan ( hereinafter referred to as " KK " ); and

WHEREAS, the parties are engaged in a business relationship where Spectra purchases hand held steel Instruments manufactured by KK and distributed in the United States by Mid States; and

WHEREAS, Spectra sells these Instruments directly to *C.R. Bard* ( hereinafter referred to as Bard " )and other North American Medical Companies; and

WHEREAS, the parties believe it is in each of their own best interests to work together in this business relationship to provide product from KK through Mid States and Spectra to Bard and other North American Medical Companies in a business like manner.

THEREFORE, for valuable consideration had and received, the value of which is hereby acknowledge by all parties, said parties agree as follows.

1) With reference to Instruments manufactured by KK and distributed by Mid States to Spectra, Spectra agrees to engage and bear the cost of all appropriate promotional activities with reference to said product, customer service, satisfaction, and coordination, in- house U.S. quality inspections as may become necessary, and quality monitoring.

2) KK and Mid States agree to refrain from directly or indirectly soliciting, contacting, doing business with, or engaging in any other form of commercial or business activity, distributing, marketing, purchasing or selling, negotiating or discussing with Bard and other North American Companies (Known to Spectra) or any affiliate or customer of Bard and other North American Medical Companies Known to Spectra, during the pendency of this agreement. This agreement to refrain from any such contact or commercial dealing as set forth herein includes K.K., Mid States, its employees, representatives or agents, or any affiliate staff or business entity. The parties agree to the following terms for carrying out their responsibilities.

Contd......P/2....

ANJUM BUTT MUSHTAQ BUTT TONY ARRIGO

NO. 8061 P. 16

A) In placing orders to be filled and disbursed to Bard and other North American Medical Companies, known to spectra six months in advance purchase order, shipment schedule commitment is required to insure appropriate delivery.

B) Spectra agrees to refrain from directly or indirectly purchasing IRIS SCISSORS, 4-1/2 STR/CVD, IRIS FORCEPS, 4", STR/CVD/ HALF CVD, HEMOSTATS MOSQUITO FORCEPS, 5", STR/CVD, BAUMGARTNER NEEDLE HOLDER,5", and JACOBSON MOSQUITO FORCEPS, DELICATE, 5", STR/CVD/SERRATED/ PLAIN,MAYO HEGAR NEEDLE HOLDERS from any other vendors including K.K. except Mid States.
This agreement to refrain from any such contact or commercial dealing as set forth herein includes SPECTRA, its employees, representatives or agents, or any affiliate staff or business entity.

C) Spectra agrees to purchase and order a minimum of 80,000 Instruments per month from Mid States, but an average of 100,000 per month over a 10 years period beginning from October, 1999 upto August 2008.

D) On any items delivered to Spectra but rejected because of quality concerns, said items must be returned to Mid States for replacement. No credit shall be allowed but replacement will be allowed upon the return of the defective or rejected items, unless mutually agreed to otherwise ( i.e. quick re-cleaning by Spectra for goods rejects for uncleanness or not clean or burs and or lint.

2) All items ordered from KK as distributed through Mid States and delivered to Spectra must be purchased by Spectra. In other words, all items ordered must be paid for unless rejected pursuant to the previous paragraph. Any items rejected must be defective in either its material or in its construction.

3) The parties agree that any violation of paragraphs 2,2A,2B,2C and E by any of the parties will result in and constitute immediate and irreparable harm to the other parties and as a result, each party will be entitled to apply for and receive immediate injunctive relief as they deem appropriate. Further, any party who has been wrongfully harmed by the actions of the other in violating the provisions of this agreement shall be fully liable for appropriate, legal fees and cost.

4 The parties further agree to subject themselves to the jurisdiction of the commonwealth of Massachusetts and agree further that the laws of said commonwealth shall control any litigation hereunder. For purpose of, service, certified mail, return receipt requested, sent to the address of the parties at the address below indicated shall constitute and suffice as complete legal service of all documents to be served thereto.

5) Should any portion of this agreement be deemed invalid. That shall no affect the validity of the remaining provisions of this agreement.

ANJUM BUTT MUSHTAQ BUTT TONY ARRIGO

6) This agreement shall last for Ten years from the date above written but may be extended by written agreement of the parties from time to time thereafter. At any time within these Ten years, the parties but mutual consent can agree to rescind or terminate the agreement as they deem appropriate such early termination would have to be by agreement of all parties. Upon termination, all parties including for Spectra other suppliers of the merchandise above indicated, and for Mid States, to negotiate directly with Bard and any other North American Medical Companies known to Spectra.

7) Time is one of the essence in carrying out the responsibilities of this agreement.

Executed as sealed Instruments this 1st day of October 1999.

ANJUM BUTT, Authorized for
MID STATES MEDICAL INSTRUMENTS, INC.
5050 NEWPORT DRIVE, UNIT 8
ROLLING MEADOWS, IL 60008

M.MUSHTAQ BUTT, Authorized for
K.K. METALLIC INDUSTRIES
P.O.BOX 2033
SIALKOT- PAKISTAN.

WITNESS:- Phyllis Dias

ANTHONY ARRIGO, Jr
SPECTRA MEDICAL DEVICES,INC.
4F HENSHAW STREET
WOBURN, MA 01801

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

03C 9235

JUDGE BUCKLO

DOCKETED

DEC 23 2003

MAGISTRATE JUDGE LEVIN

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): Midstates Medical Instruments, Inc. and KK Metallic Industries, Inc.**

County of Residence: Cook, IL.

Plaintiff's Atty: Thomas Patterson
Patterson Law Firm
33 North LaSalle Street Suite 3350, Chicago, Illinois 60602
312-223-1699

**Defendant(s):Spectra Medical Devices, Inc.**

County of Residence: Middlesex, MA

Defendant's Atty:

FILED-ED5
03 DEC 22 PM 3:27
CLERK
U.S. DISTRICT COURT

II. Basis of Jurisdiction: **4. Diversity (complete item III)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **1 Citizen of This State**
Defendant:- **2 Citizen of Another State**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **190 Other Contract**

VI.Cause of Action: **28 U.S.C. 1332**

VII. Requested in Complaint

Class Action: **No**
Dollar Demand: **Over 75,000**
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** [signature]

**Date:** 12/22/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

DOCKETED
DEC 2 3 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE BUCKLO

In the Matter of

Mid States Medical Instruments, Inc and KK Metalic Industries, Inc.
v.
Spectra Medical Devices, Inc.

03C 9235
Case Number:

MAGISTRATE JUDGE LEVIN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

PLAINTIFFS

FILED-EDG
03 DEC 22 PM 3:28
CLERK
U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| NAME Thomas E. Patterson | NAME Scott Berends |
| FIRM The Patterson Law Firm | FIRM The Patterson Law Firm |
| STREET ADDRESS 33 North LaSalle Street, Suite 3350 | STREET ADDRESS 33 North LaSalle Street, Suite 3350 |
| CITY/STATE/ZIP Chicago, Illinois 60602 | CITY/STATE/ZIP Chicago, Illinois 60602 |
| TELEPHONE NUMBER 312-223-1699 / FAX NUMBER 312-223-8549 | TELEPHONE NUMBER 312-223-1699 / FAX NUMBER 312-223-8549 |
| E-MAIL ADDRESS tep@pattersonlawfirm.com | E-MAIL ADDRESS sberends@pattersonlawfirm.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 3128587 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6281019 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☑ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER / FAX NUMBER | TELEPHONE NUMBER / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

13