# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECTRA MEDICAL DEVICES, INC. A Massachusetts corporation, <br><br> Plaintiff, <br><br> v. <br><br> MID STATES MEDICAL INSTRUMENTS, An Illinois corporation, and KK METALLIC INDUSTRIES, INC., a Pakistani corporation, <br><br> Defendants. | Civil Action No. 04-1073 |

### AFFIDAVIT OF SCOTT BERENDS

Scott Berends, on oath or affirmation, states as follows:

(1)     My name is Scott Berends.

(2)     I am over the age of eighteen and a licensed attorney in the State of Illinois. I am personally familiar with the facts set forth herein and if called to testify could competently do so.

(3)     In March 2003 my clients, Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. received a Complaint and summons for an action titled Spectra Medical Devices, Inc. v. Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. This complaint was filed in a Massachusetts Superior Court.

(4)     On or about April 2, 2004 I delivered to Jeffrey Poindexter, an attorney licensed in the State of Massachusetts, a petition for removal to the United States District Court for the District of Massachusetts. The matter was, thereafter, transferred to that Court.

(5)   On or about April 21, 2004 Spectra filed, in Illinois, a motion to dismiss or transfer the case to Massachusetts.

(6)   Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. have opposed that motion and a decision is presently pending from Judge Elaine Bucklo in the Northern District of Illinois.

(7)   It was my understanding that no action would be taken in the Massachusetts action pending the determination of the Illinois action as the Massachusetts action would be and is a compulsory counterclaim to the Illinois action.

(8)   It is further my intention that if Spectra's motion in the Illinois action is allowed, the Illinois action will be transferred to Massachusetts and thereafter consolidated with the pending Massachusetts action.

(9)   Shortly thereafter, in or about May and early June 2004 my clients and I began discussing settlement with Spectra Medical Devices and its attorney, Gerry Blank. These discussions continued until August 2004 when I received a letter from Mr. Blank informing me that my client's settlement offer was rejected. It was my understanding that no action would be taken on the Massachusetts case during the settlement discussions. Though this understanding was never confirmed with Mr. Blank, I took no action on the Massachusetts case and Mr. Blank likewise took no action during our settlement discussions.

(10)  Shortly thereafter, on August 16, 2004 counsel for Spectra Medical Devices filed a Request for Default Pursuant to Rule 55(a). This request was not provided to me and Mr. Poindexter, co-counsel for Mid States Medical Instruments and KK Metallic

      Industries informs me that it was not served on him either. The Request for Default additionally does not contain a proof of service.

(11)    After this request was received, I immediately drafted, with the assistance of Mr. Poindexter, a motion for leave to file Mid States and KK Metallic Industries' responsive pleading.

Signed under the pains and penalties of perjury

/s/

Scott Berends