UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN SECTION

|  |  |  |
|---|---|---|
| SPECTRA MEDICAL DEVICES, INC. | ) | Civil Action No. 04-CV-10745-GAO |
| A Massachusetts corporation, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | DEFENDANTS' MOTION |
|  | ) | TO DISMISS AND |
| MID STATES MEDICAL INSTRUMENTS, | ) | STATEMENT OF REASONS |
| An Illinois corporation, and KK METALLIC | ) | |
| INDUSTRIES, INC., a Pakistani corporation, | ) | |
|  | ) | |
| Defendants. | ) | |

## MOTION

The defendants, Mid States Medical Instruments, Inc. ("Mid States") and KK Metallic Industries, Inc. ("KK Metallic") hereby move to dismiss each of the claims asserted by the plaintiff, Spectra Medical Devices, Inc. ("Spectra"). Grounds for this motion are that Spectra's claims are compulsory counterclaims to a suit commenced by Mid States and KK Metallic in the United States District Court for the District of Illinois prior to the filing of the current action and Spectra is thereby precluded from asserting such claims in the present action. More specific grounds and support for this motion are set forth in the Statement of Reasons below.

## STATEMENT OF REASONS

**A. Background**

On or around December 22, 2003, Mid States and KK Metallic commenced an action against Spectra by filing a complaint in the United States District Court for the District of Illinois (hereinafter the "Illinois Complaint" or "Illinois Action"), which action currently is pending as

<u>Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. v. Spectra Medical Devices, Inc.</u>, No. 03 C 9235 (Elain Bucklo, J.).  A certified copy of the Illinois Complaint is attached hereto as Exhibit 1.  Mid States and KK Metallic seek recovery against Spectra in the Illinois Action based on Spectra's breach of a three-party Agreement between Mid States, KK Metallic and Spectra ("the Agreement") under which Spectra was required, among other things, to purchase various medical instruments manufactured by KK Metallic and sold by Mid States.  A copy of the Agreement is attached to the Illinois Complaint as Exhibit A thereto.  Specifically, Mid States and KK Metallic alleged in that action that Spectra breached the Agreement by, among other things, failing to purchase the medical instruments pursuant to the terms of the Agreement.

On or around March 19, 2004, almost three months after the filing of the Illinois Complaint, Spectra commenced an action in Massachusetts by filing a Complaint in the Massachusetts Superior Court for Middlesex County, which action was subsequently removed to this Court and is now pending as the captioned matter (hereinafter the "Massachusetts Complaint" or "Massachusetts Action").  The Massachusetts Complaint asserts claims for breach of contract (Count II), breach of the duty of good faith and fair dealing (Count III), fraud (Count IV) and defamation (Count V).[1]  Each of the claims in the Massachusetts Complaint either challenge the validity of or arise out of alleged breaches by Mid States and KK Metallic of the same Agreement that is the subject of the Illinois Action.  Additionally, among the relief requested by Spectra, are a temporary restraining order precluding the plaintiff from further pursuing or enforcing its rights under the Agreement and a Permanent Injunction declaring the

---

[1] Count I in the Massachusetts Complaint sets forth the facts upon which the referenced claims are made and Count VI sets forth Spectra's demand for relief.  Neither appear to assert any additional or separate claims or causes of action.

Agreement null and void.  Like the Illinois Complaint, a copy of the Agreement also is attached to and incorporated into the Massachusetts Complaint (See Exhibit C thereto).

**B.  <u>Argument</u>**

Federal Rule of Civil Procedure 13(a) provides that pleadings containing claims which "[arise] out of the transaction or occurrence that is the subject matter of the opposing party's claim . . ." must be stated as counterclaims.  "Where a [party's] counterclaim is so interwoven with the [opposing party's] complaint that it affects the ultimate determination of the complaint, the counterclaim is compulsory and must be raised as a counterclaim or not at all." *Warshawsky & Co. v. Arcata National Corp.*, 552 F.2d 1257 (7th Cir. 1977); *United States v. Jenkins*, No. 81 C 1195, 1984 U.S. Dist. LEXIS 19304, at * 3-4 (N.D. Ill. Feb. 21, 1984).  *See also Eon Labs, Inc. v. SmithKline Beecham Corp.*, 298 F. Supp. 2d 175, 179 (D. Mass. 2003) (if a counterclaim is compulsory but is not brought it is thereafter barred).  The purpose of this rule is to prevent multiple lawsuits by resolving all disputes rising out of common matters in a single suit. *Southern Const. Co., Inc. v. Pickard*, 371 U.S. 57, 60 (1962).

The logical relationship test is by far the most widely accepted test for determining whether a claim is a compulsory counterclaim.  *See Eon Labs, Inc.*, 298 F. Supp. 2d at 179.  A counterclaim has a logical relationship to the original claim if "it arises out of the same aggregate of operative facts as the original claim in the sense that the same aggregate of operative facts serves as the basis of both claims." *McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 248 (1st Cir. 1982).

The claims set forth by Spectra in the Massachusetts Action constitute compulsory counterclaims because they share a "logical relationship" with the claims made by Mid States and KK Metallic in the Illinois Action, which is presently pending and ongoing.  Specifically, the

Massachusetts Complaint challenges the validity of and is based on alleged breaches by Mid States and KK Metallic of the Agreement that is currently the subject matter of the Illinois Action. Indeed, the very contractual obligations that are at issue in the Illinois Action are challenged in the Massachusetts Action.

Because the claims set forth by Spectra in the Massachusetts Action are compulsory counterclaims in the Illinois Action, such claims violate Federal Rule of Civil Procedure 13(a) and must be dismissed. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974); *McCaffrey*, 672 F.2d at 248.

Wherefore, Defendants Mid States Medical Instruments, Inc. and KK Metallic Industries, Inc. respectfully request this Court dismiss each of the claims set forth in the Massachusetts Complaint.

                                          The Defendants
MID STATES MEDICAL INSTRUMENTS
and KK METALLIC INDUSTRIES, INC.
By Their Attorneys

Dated: September 15, 2004        /s/  Jeffrey E. Poindexter
                                               Jeffrey E. Poindexter, BBO #631922
                                               Bulkley, Richardson and Gelinas, LLP
**CERTIFICATE OF SERVICE**         1500 Main Street, Suite 2700
                                               Springfield, Massachusetts 01115
I, Jeffrey E. Poindexter, attorney for defendants, Mid States Medical Instruments and KK Metallic Industries, Inc., in this above matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on September 15, 2004

Tel. 413-781-2820; Fax. 413-785-5060

Of Counsel:
Thomas Patterson (ARDC # 3128587)
Scott Berends (ARDC # 6281019)
The Patterson Law Firm
33 North LaSalle Street, Suite 3350
Chicago, Illinois 60602
Tel. 312-223-1699; Fax. 312-223-8549

/s/    Jeffrey E. Poindexter
        Jeffrey E. Poindexter